# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLYDE LEON FOX (#32969)**                    **CIVIL ACTION**

**VERSUS**

**E.B.R. SHERIFF OFFICE, ET AL.**                    **NO. 14-0588-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 6, 2015.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

CLYDE LEON FOX (#32969)                                    CIVIL ACTION

VERSUS

E.B.R. SHERIFF OFFICE, ET AL.                              NO. 14-0588-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison

("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against

the East Baton Rouge Parish Sheriff's Office, the Baton Rouge City Court, the City Court

Records Office, and City Court Judge Darrell White, complaining that his constitutional rights

were violated in July, 2014, when he was arrested and held in custody without a bond hearing for

thirteen (13) days. The plaintiff asserts that he thereafter pleaded guilty to the charge levied

against him on August 5, 2014 – and was sentenced to two (2) years of unsupervised probation –

but he complains that there remained pending a pre-disposition bond in the amount of $1,000.00,

which bond he asserts subjects him to "being held twice to answer for the same crime he has

been found guilt[y] of and sentenced for." The plaintiff prays for "release from [his] unlawful

custody" and for monetary damages as a result of his alleged wrongful confinement.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an

action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim

against a governmental entity or an officer or employee of a governmental entity if satisfied that

the action or claim is frivolous, malicious or fails to state a claim upon which relief may be

granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable

basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he was arrested on July 23, 2014, and was thereafter held in custody for thirteen (13) days without knowing what he was arrested for and without a bond hearing. Finally, he was brought before City Court Judge Darrell White (sitting *ad hoc*) on August 5, 2014, at which time the plaintiff pleaded guilty to the charge levied against him and was sentenced to two (2) years of unsupervised probation. The plaintiff complains, however, that after sentencing, "there still remain[ed] a $1,000 pre-disposition bond pending," and that, "to impose a pre-disposition bond deprives [the plaintiff] of life and liberty and also subjects [him] to being held twice to answer for the same crime he has been ... sentenced for." As a result, the plaintiff asserts that he is being "unlawfully restrain[ed]," and he prays for a release from the unlawful custody and for compensation for the alleged infringement of his constitutional civil rights.

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42

U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Initially, although the plaintiff has named as defendants herein the East Baton Rouge Sheriff's Office, the Baton Rouge City Court, and the Baton Rouge City Court Records Office, these entities are not properly before the Court.  Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as a sheriff's department or a city court to sue or be sued is determined by the law of the state in which the district court sits.  *See, e.g., Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991).  Under Louisiana law, these named defendants have neither the capacity to sue nor the capacity to be sued.  *See Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988) (finding that "the East Baton Rouge Parish Sheriff's Office is not a legal entity which may be sued"); *Francis v. Dupree*, 2010 WL 5636213, *2 (E.D. La., Dec. 9, 2010) (same relative to the New Orleans Police Department); *Atkinson v. NOPD*, 2007 WL 2137793, *1 (E.D. La., July 23, 2007) (same, noting that "police departments of cities are not suable" under § 1983).  *See also Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976) (finding that a state court is not considered to be a "person" within the meaning of § 1983); *Jackson v. Louisiana Tech University*, 2011 WL 6749014, *13-14 (W.D. La., Nov. 22, 2011) (concluding that a city court "is not an entity capable of being sued").  Accordingly, the plaintiff's claim asserted against these defendants is subject to dismissal because of the their lack of legal capacity to be sued.

Turning to the plaintiff's claim asserted against the remaining defendant in this case, Judge Darrell White, it is clear that the plaintiff fails to state a claim under § 1983 against this defendant.  Specifically, this claim is barred by the doctrine of absolute judicial immunity.  While such immunity is a question of law to be determined upon the facts of each case, it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role.

*Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982).  The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.  *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396.  *See also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983).  Moreover, this immunity applies however erroneous the act and however evil the motive.  *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989).  Applying this test here, it is clear that the alleged act of Judge White in presiding over the plaintiff's criminal case was within the scope of the defendant's judicial authority.  Therefore, defendant White is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Finally, a substantive review of the plaintiff's claims would fare no better.  In the first place, the plaintiff seeks release from confinement because of alleged improprieties occurring during his criminal proceedings.  This claim, however, seeks relief obtainable only through an application for a writ of habeas corpus, not through a civil rights proceeding brought pursuant to 42 U.S.C. § 1983.  This determination is made by focusing on the relief actually sought by the petitioner.  *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987).  In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action.  Accordingly, because the plaintiff in this case challenges his present confinement and seeks release from that confinement, his civil rights claim is subject to dismissal, without prejudice to the plaintiff's right to pursue habeas corpus relief.

Moreover, whereas the plaintiff also seeks monetary relief as a result of his alleged wrongful confinement, this claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512

U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that a plaintiff's claim for

monetary damages arising out of an alleged wrongful conviction or confinement is not

cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence."  *Id.* at 487.  In such instance, the plaintiff must show, as

a prerequisite to a claim for monetary damages, that the allegedly wrongful conviction or

sentence has been overturned or otherwise invalidated in a separate proceeding.  In the instant

case, a resolution of the plaintiff's claim in his favor, *i.e.*, a determination that he is entitled to

monetary damages because the defendants engaged in wrongdoing which resulted in an illegal

sentence and confinement, would necessarily imply that such confinement should be terminated

or curtailed.  Since the plaintiff has failed to allege or even suggest that his conviction or

sentence have been invalidated or called into question by a court of competent jurisdiction in a

separate proceeding, the plaintiff's claim for monetary damages falls squarely within the holding

of *Heck v. Humphrey*.  Accordingly, his cause of action under § 1983 for monetary damages

attributable to his alleged unconstitutional sentence and confinement has not yet accrued.  *See*

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28

U.S.C. § 1915(d) is appropriate, post-*Heck*, because the plaintiff's action has been shown to be

legally frivolous").  *See also Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994); *Johnson v.*

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1997).  It is therefore appropriate that this aspect of the

plaintiff's § 1983 claim be dismissed as well, with prejudice to re-assertion until the conditions

set forth in *Heck v. Humphrey* are satisfied.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally

frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on January 6, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

1. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."